In re Morad GABBAI, Relator.

No. 97–0853.

Supreme Court of Texas.

May 8, 1998.

Shawn Casey, Houston, for Relator.

Anne Turner Beletic, Dallas, for Respondent.

PER CURIAM.

In this habeas corpus proceeding, we consider whether the trial court exceeded its authority by holding relator in contempt for violating an order the court of appeals issued. We hold that, under the circumstances of this case, the trial court lacked such authority. The commitment order is therefore void, and we order relator discharged.

Relator Morad Gabbai and his former wife Batsheba Gabbai Taylor divorced in January 1996. The trial court, in the divorce decree, ordered relator to execute four deeds and assignments regarding property the couple owned:

1) Special warranty deed for 7651 La Verdura, Dallas, Texas.

2) Special warranty deed for 1302 Apache Drive, Richardson, Texas.

3) Assignment of escrow funds regarding the La Verdura and Apache Drive properties.

4) Assignment of Nationsbank account 1295152210.

Relator, without executing the documents, appealed the decree. After Taylor moved to dismiss the appeal, the court of appeals ordered relator to either a) file a supersedeas bond for $120,000 or b) within thirty days execute the four transfer documents *and* a release of lis pendens on the La Verdura and Apache Drive properties. (The divorce decree contains no reference to a release of lis pendens.) The court of appeals stated in its order that "[i]f appellant fails to comply with this order, appellant's appeal will be subject to dismissal without further notice."

Relator did not file a supersedeas bond, nor did he execute all of the required documents. Although relator executed the special warranty deeds, he did not execute the two assignments or the release of lis pendens. Because relator did not fully comply with its order, the court of appeals dismissed the appeal.

Taylor subsequently moved in the trial court to enforce the decree, asking that relator be held in contempt for failing to execute the required documents. After a hearing, the trial court cited relator for violating the divorce decree *and* the court of appeals' order. Specifically, the trial court found relator in contempt of the divorce decree and the court of appeals' order by 1) failing to assign the funds regarding the La Verdura property and Apache Drive property, and by 2) failing to assign the Nationsbank account. The trial court also found relator in contempt of the court of appeals' order by 1) failing to file the supersedeas bond and by 2) failing to execute the release of lis pendens. The trial court imposed one sixty-day sentence for these four acts of contempt.

931

The court of appeals denied habeas corpus relief without opinion. After relator sought relief here, we ordered relator released on bond pending our consideration of the merits.

 Relator argues that the trial court had no authority to hold him in contempt for violating the court of appeals' order. While courts possess inherent power to enforce their own orders through contempt proceedings, see *Ex parte Browne*, 543 S.W.2d 82, 86 (Tex.1976), they generally lack the authority to enforce another court's orders by contempt. *See Ex parte Barnett*, 600 S.W.2d 252, 255–56 (Tex.1980). Even when a case is transferred from one court to another, the transferee court generally lacks authority to punish by contempt acts which were committed before the transfer. *Id.*

There are exceptions, however. For example, a transferee court acquiring continuing jurisdiction over a suit affecting the parent-child relationship has full contempt power, regardless of whether the alleged contemptuous acts occurred before or after the transfer. *Id.* at 255. Also, while a case is on appeal, the appellate court has exclusive jurisdiction to enforce the orders at issue in the appeal, regardless of whether the alleged contempt occurred before or after the appellate court acquired jurisdiction. *See Ex parte Werblud*, 536 S.W.2d 542, 544 (Tex. 1976); *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487, 488–89 (1934).

Taylor argues that we should recognize a similar exception here. She contends that once an appellate court issues its mandate, jurisdiction to enforce the appellate court's orders by contempt should vest in the trial court. However, even if such an exception might be appropriate under some circumstances, an issue we need not decide, it would not apply here. The court of appeals specified and imposed its punishment for relator's failure to comply with its order: dismissal of the appeal. Under these circumstances, the trial court had no authority to further punish relator for violating the requirements the court of appeals imposed.

Thus, while the trial court had authority after the appeal was dismissed to enforce the requirements of its own decree, including execution of the two assignments, the trial court had no authority to punish relator for violating those requirements contained only in the court of appeals' order: filing of the supersedeas bond and execution of the release of lis pendens.[1] Because the trial court imposed one sentence for four different acts, two of which are not punishable by contempt, the entire judgment is void. *See Ex parte Lee*, 704 S.W.2d 15, 17 (Tex. 1986).

\* \* \*

For the foregoing reasons, the Court orders relator discharged.

---

1. The trial court's order is further problematic in that it cites relator's failure to file a supersedeas bond as a separate act of contempt, even though the court of appeals required this only as an alternative to executing the various documents. We need not decide whether this defect would by itself entitle relator to habeas corpus relief.