# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-30060
Summary Calendar

JONATHAN JAY PARKER

Plaintiff-Appellant

v.

BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA-LAFAYETTE

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:07-CV-1760

Before JOLLY, BENAVIDES, HAYNES, Circuit Judges.

PER CURIAM:[*]

On October 21, 2008, this court issued an opinion affirming the district court's judgment dismissing this age discrimination suit against the Louisiana State University-Lafayette (the "University") on the ground that the plaintiff-appellant, Jonathan Jay Parker, proceeding pro se, had failed to meet the notice requirements for bringing an age discrimination claim against a recipient of federal financial assistance, such as the University.  On November 7, 2008,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parker filed a motion for leave to file an amended complaint with the district court to address the notice deficiencies in his pleadings. Because the action had been dismissed and final judgment entered, the district court treated Parker's motion as a motion for relief from judgment under Fed. R. Civ. P. 60, and denied that motion because the proposed amended pleadings would still fail to remedy the notice deficiencies. Parker now appeals the district court's denial of his motion for leave to file an amended complaint, arguing that his motion should be granted under the liberal standard set out in Fed. R. Civ. P. 15(a).

"In this Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003). "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Id.* A district court's denial of a motion to alter or reopen a judgment under Rule 59 or 60 is reviewed under an abuse of discretion standard. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Rule 59 clearly provides no avenue for relief here, as a motion to alter or amend the district court's judgment under Rule 59 must be filed no later than ten days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60 also provides no grounds for relief, as the proposed amended pleadings will not cure the defects in the original pleading that resulted in the judgment of dismissal. *See* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1489 (2d ed. 1990) ("[T]he fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under Rule 15(a) and for refusing to reopen the judgment under Rule 60(b)."). The applicable statutory notice requirements provide that a plaintiff must "give notice by

registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1). Notice must also be sent to the United States Department of Education, Office for Civil Rights (OCR), as required by 34 C.F.R. § 110.39(b)(3)(iii). Parker contends that his proposed amended complaint will cure the defects in his original complaint by pleading that several tracking receipts confirm the delivery of notification letters to various parties on August 4, 6, and 11, 2008, nearly ten months after he filed his original complaint on October 25, 2007. As the district court held, the proposed amended pleadings only confirm that Parker did not satisfy the 30-day notice requirement. The district court did not abuse its discretion in denying Parker's motion for leave to file an amended complaint. We therefore AFFIRM.