# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2010

Lyle W. Cayce
Clerk

No. 09-41129
Summary Calendar

JOHNNY PARTAIN, Individually and doing business as Anti-Corruption Lawsuit Fund,

Plaintiff - Appellant

v.

MARVIN ISGUR, Individually and in his capacity as Bankruptcy Judge; UNITED STATES OF AMERICA; COMPASS BANK; BBVA USA BANCSHARES, INC.; BBVA INVESTMENTS, INC.; BBVA USA, INC.; BBVA BANCOMER, SA; INSTITUCION DE BANCA MULTIPLE; GRUPO FINANCIERO BBVA BANCOMER; JAMES MAPLES; KATHLEEN MAPLES; ATLAS TRANSPORTATION, INC.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CV-16

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

09-41129

Johnny Partain ("Partain") appeals the district court's denial of his Federal Rule of Civil Procedure Rule 60(b) motion and its striking of his proposed amended complaint. For the following reasons, we affirm.

## I. BACKGROUND

Partain, proceeding *pro se,* filed a complaint naming United States Bankruptcy Judge Marvin Isgur as the sole defendant. The complaint asked the district court to overturn a ruling adverse to Partain which had been entered by Judge Isgur, the presiding judge in a bankruptcy adversary action where Partain was a party. Partain's complaint also sought an injunction removing Judge Isgur from further participation in the bankruptcy proceedings involving Partain. Finally, Partain alleged a *Bivens* claim against Judge Isgur seeking unspecified damages from him personally, damages which Partain alleged arose out of the judgment issued by Judge Isgur. More specifically, Partain alleged Judge Isgur had, by virtue of that ruling and the enforcement of the ruling, caused injury to him "including but not exclusive to loss of life, property, and civil rights."

In response to Partain's complaint, Judge Isgur filed a motion to dismiss, contending he was entitled to a dismissal of the action based upon, *inter alia*, absolute judicial immunity. After a hearing, the district court judge agreed and dismissed Partain's case on October 4, 2007. Approximately one week later, Partain filed a motion for reconsideration which was denied by the district court. On October 3, 2008, Partain filed a Rule 60(b) motion indicating that he disagreed with the district court's previous determination that Judge Isgur was entitled to judicial immunity, but stated he did not intend to "reargue the law in this motion."

On January 23, 2009, while Partain's Rule 60(b) motion was pending and no order reviving the case and allowing for pleading amendment had been entered, Partain filed an amended complaint, which purported to add the United States and several other private parties as defendants. Partain's various counts

2

against the United States and Judge Isgur included negligence, invasion of privacy, fraud, false imprisonment, conspiracy, and racketeering (RICO), all of which allegedly gave rise to personal liability on the part of the Judge Isgur and liability under the Federal Tort Claims Act ("FTCA") on the part of the United States. On September 30, 2009, the district court, in two orders, struck the amended complaint, as having been filed without leave and denied the Rule 60 motion. Partain appeals both the order denying his Rule 60(b) motion and the district court's striking of his amended petition.

## II. DISCUSSION

A post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Thus, only if the district court erred in its denial of Partain's Rule 60(b) motion could there be any error in its striking of Partain's proposed amended complaint. "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will be reversed only for an abuse of that discretion." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001). Rule 60(b) allows a court to relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief.

FED. R. CIV. P. 60(b). There is nothing in Partain's motion which suggests that relief is appropriate under the first five grounds listed in Rule 60(b). Partain is thus left with attempting to fall within the last possible basis, the general, catch-all ground of "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

09-41129

To prevail on a Rule 60(b) motion, a litigant needs to show that there was something wrong with the original ruling or that whatever was previously wrong with his claim can be remedied with pleading amendments, and therefore the litigant should be relieved from the consequences of the court's ruling. *See, e.g.*, *Parker v. Bd. of Supervisors Univ. of La. Lafayette*, 335 F. App'x 465, 466 (5th Cir. 2009) (unpublished). Here, Partain demonstrates nothing that suggests that the district court's dismissal of Judge Igsar on grounds of absolute judicial immunity was improper. Neither his Rule 60(b) motion nor his proposed first amended complaint sets forth any additional facts or legal grounds which would suggest Judge Isgur is not entitled to absolute judicial immunity. Furthermore, reopening the case and allowing Partain to add new claims against the United States would have been futile and a waste of judicial resources, since those claims also lacked legal merit. The FTCA expressly excludes from its waiver of sovereign immunity any claim "arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h). This means all of the counts in Partain's proposed first amended complaint alleging that Judge Isgur's actions constituted or resulted in fraud, the denial of due process, false arrest and/or imprisonment, and interference with Partain's various property and contract rights, are expressly precluded from coverage by the FTCA.

Furthermore, the United States has not, in the FTCA or elsewhere, waived sovereign immunity with regard to alleged civil rights or constitutional violations, i.e., violations of due process. *See FDIC v. Meyer*, 510 U.S. 471, 475–79 (1994); *see also Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits brought against the United States brought under the civil rights statute are barred by sovereign immunity."). Finally, to the extent Partain seeks to recover against the United States under the RICO statute, no waiver of the government's

4

immunity extends to such laws. *See McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993).

Similarly, reopening the case and allowing Partain to add new claims against the other additional defendants named in the proposed amendment would have also been futile since those claims lacked legal merit as well. Partain's claims against those additional defendants are predicated on the same facts as those asserted in an earlier appeal which was affirmed in the additional defendants' favor by this court. *See In re Maples (Maples v. Partain)*, 529 F.3d 670 (5th Cir. 2008). Under these circumstances, the district court did not abuse its discretion by denying Partain's Rule 60(b) motion. Nor did the district court err by striking Partain's proposed amended complaint.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.