# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00091-CV

**Dorsey L. Smith, Appellant**

**v.**

**City of Blanco, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CV06933, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dorsey Smith and the City of Blanco entered into an agreement decades ago under which Smith agreed to have part of his property flooded for the purpose of creating a drinking reservoir for the City. After his property was damaged due to flooding, Smith sued the City and alleged claims for inverse condemnation and non-negligent nuisance. Furthermore, Smith argued that the City's failure to repair the damage to his property violated the terms of a judgment issued by another trial court decades earlier. For that reason, Smith also asked the district court to hold the City in contempt. In response to the suit, the City filed a motion for summary judgment arguing that Smith's claims were barred by res judicata. In addition, the City filed a motion asking the district court to impose sanctions on Smith for allegedly filing a frivolous lawsuit. Subsequent to holding hearings on the motions, the district court granted the City's motion for summary judgment and imposed attorney's fees and costs on Smith as a sanction. Smith appeals the judgment of the

district court. We will affirm the district court's summary judgment ruling regarding the inverse-condemnation and the non-negligent-nuisance claims, reverse the district court's ruling regarding Smith's contempt claim, and remand the contempt claim as well as the issue of sanctions for further consideration in light of our opinion.

## BACKGROUND

Smith owns a plot of land near the City that is approximately 219 acres in size. According to Smith, in the 1960s he entered into an oral agreement with the City. Under the alleged agreement, the City was allowed to flood part of his property and use it as a reservoir, but the City had to build and maintain a crossing over the river so that Smith could access his property. Subsequent to entering into the agreement, the City constructed both the crossing and the reservoir.

During the 1970s, a flood damaged the crossing. Eventually, Smith sued the City for failing to repair the crossing. After a trial, the district court issued a declaration establishing the existence of a contract between Smith and the City and ordering the City to repair the crossing and to maintain it for as long as the City used Smith's land as a reservoir. A few years after the district court issued its judgment, that court held the City in contempt for failing to repair the crossing, and the City subsequently repaired the crossing.

Another flood occurred in 2004, and the crossing was damaged once again. Smith notified the City about the damage, and the City repaired a section of the crossing. However, according to Smith, the City did not repair the entire crossing. Accordingly, Smith sued the City again. For ease of reading, we will refer to this suit as the "prior suit." In the prior suit, Smith initially urged the district court to "hold the City . . . in contempt" for failing to comply with the

2

1970s judgment, but Smith later dismissed this claim. Smith also sought a declaration that the 1970s judgment "is *res judicata*, and the City of Blanco cannot or is 'estopped' to deny the contract in this new lawsuit." In addition, Smith alleged a breach-of-contract claim and requested damages as well as injunctive relief. Finally, Smith brought a nuisance action against the City for its alleged failure to maintain the crossing. In response to the suit, the City filed an answer and a plea to the jurisdiction. In its plea, the City asserted that Smith's claims were barred by governmental immunity.

After scheduling a hearing, the district court granted the City's plea to the jurisdiction and dismissed Smith's claims. Smith appealed that determination. *Smith v. City of Blanco*, No. 03-08-00784-CV, 2009 Tex. App. LEXIS 7889, at *3 (Tex. App.—Austin Oct. 8, 2009, no pet.) (mem. op.). In his appeal, Smith urged that the district court erred by granting the City's plea. After analyzing the issues, this Court determined that Smith's claim for declaratory relief, his breach of contract claim, and his nuisance claim were all barred by governmental immunity. *Id.* at *13. Further, this Court determined that Smith's pleadings affirmatively negated "the existence of subject-matter jurisdiction" and, therefore, concluded that Smith should not be given an opportunity to amend his pleadings. *Id.* at *15.

Subsequent to the disposition of his appeal, Smith filed another lawsuit against the City. For ease of reading, we will refer to this lawsuit as the "current suit." In the current suit, Smith asserted claims for inverse condemnation, non-negligent nuisance, and contempt of the 1970s judgment. In response, the City filed an answer denying the allegations against it and alleging the affirmative defense of res judicata. Regarding the defense, the City asserted that the current suit involves the same parties, same factual bases, and same subject matter as the prior suit and that the

3

claims "were or could have been litigated in the first lawsuit." Accordingly, the City urged that Smith's claims were "barred by *res judicata*."

After filing its response, the City also filed a motion for summary judgment. In its motion, the City again urged that Smith's claims were barred by res judicata and argued that it was entitled to summary judgment on that affirmative defense. In addition to filing a summary-judgment motion, the City also filed a motion to recover attorney's fees and costs. In particular, the City urged that it was entitled to attorney's fees and costs as a sanction because Smith's suit was frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 9.012(e) (West 2002) (empowering trial court to require party pursuing groundless claims to pay costs, including attorney's fees); Tex. R. Civ. P. 13 (authorizing trial court to require party to pay costs, including attorney's fees, as sanction). Subsequent to holding a hearing on the motions, the district court granted the City's motion for summary judgment and motion to recover attorney's fees and costs. Regarding attorney's fees and costs, the district court sanctioned Smith personally and ordered him to pay "$21,900.81 in reasonable and necessary attorney's fees and costs" expended in the district court and further ordered Smith to pay appellate attorney's fees if the City prevailed in any subsequent appeals.

Smith appeals the judgment of the district court.

## STANDARD OF REVIEW

In this case, the district court granted the City's traditional summary-judgment motion asserting the affirmative defense of res judicata. *See* Tex. R. Civ. P. 94 (listing res judicata as affirmative defense), 166a (governing summary judgments). We review de novo a trial court's ruling on a motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661

4

(Tex. 2005). In performing this review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* A defendant may move for summary judgment regarding the plaintiff's claims or may allege that he is entitled to summary judgment in his favor due to an affirmative defense. *See Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). To be entitled to summary judgment on an affirmative defense, the movant has the burden of proving all of the elements of the defense. *Federal Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012).

## DISCUSSION

On appeal, Smith presents two issues. First, he contends that the district court erred by granting summary judgment in favor of the City on the ground that all of his claims were barred by res judicata. In his petition in the current suit, Smith alleged claims for inverse condemnation, non-negligent nuisance, and contempt. In addressing this issue, we will first consider Smith's arguments pertaining to his claims for inverse condemnation and non-negligent nuisance and then address his arguments regarding contempt. In his second issue, Smith argues that the district court abused its discretion by imposing sanctions. We will address that issue after ruling on the first one.

### Claims for Inverse Condemnation and Non-Negligent Nuisance

As mentioned above, in his first issue, Smith argues that the district court erred by concluding that his claims for inverse condemnation and non-negligent nuisance were barred by res judicata. The term res judicata "is the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628

(Tex. 1992). "Within this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel)." *Id.* The category at issue in this case, claim preclusion, "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Id.* Claim preclusion prohibits the "assertion of a claim in a subsequent case when (1) there is a final determination on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Pipes v. Hemingway*, 358 S.W.3d 438, 448 (Tex. App.—Dallas 2012, no pet.). Accordingly, a second suit asserting "'matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit'" is precluded by the doctrine of res judicata. *Id.* (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)).

In challenging the district court's judgment, Smith does not dispute that the first two elements are met in this case and limits his arguments to the third element. *Cf. Harris Cnty. v. Sykes*, 136 S.W.3d 635, 640 (Tex. 2004) (stating that "a dismissal constitutes a final determination on the merits of the matter actually decided"); *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam) (explaining that dismissal with prejudice qualifies as final determination on merits). In his brief, Smith insists that the City "failed to establish as a matter of law that the claims asserted in this case could have been asserted in the earlier case."

In the prior suit, Smith amended his petition three times, including one time after the City filed a plea to the jurisdiction asserting that Smith's claims were barred by governmental

6

immunity.  In his final pleading, Smith stated that he entered into an agreement with the City under which the City would flood his property in order to create a drinking water reservoir on the condition that the City create an elevated crossing to provide access to Smith's property.  Further, Smith argued that his property was damaged by a flood in 1974 "[d]ue to faulty construction of the crossing" and that he sued the City for breach of contract due to the City's failure to maintain and repair the crossing.  In addition, Smith explained that even after the trial court determined that the City was obligated to maintain the crossing in a safe and usable condition, the City delayed making the necessary repairs for years.  Then, Smith stated that the crossing was severely damaged in 2004 and that the City made some repairs but that the City did not make all of the necessary repairs. Accordingly, Smith insisted that the crossing is unsafe to use, that the "unsafe and hazardous condition of the river crossing has caused part of" his property to be destroyed, that the condition "as it presently exists is a hazard and nuisance causing damage to" his property, and that his property is damaged every time there is a flood because he "loses a substantial amount of soil, vegetation and trees."

In light of those allegations, Smith sought a declaration that the City is estopped from denying its contractual obligation to maintain the crossing.  Further, Smith argued that the City breached the agreement by failing to "restore, repair and maintain" the crossing "in a safe and usable condition."  In addition, Smith urged that by failing to meet its obligations, "the City has created a nuisance on" his property that "is tantamount to a tortuous interference with" his "right to ingress and egress and reasonable enjoyment of his property."

As in his prior suit, in his current suit, Smith alleged that he entered into an agreement with the City under which the City would build a dam downstream from his property in order to

flood his property to create a drinking-water reservoir. In addition, Smith asserted that he agreed to allow the City to flood his property on the condition that the City build an elevated roadway so that he could have access to his property after the land was flooded. Furthermore, Smith repeated his contention from the prior suit that his property was damaged due to a flood that occurred in 1974 and that he sued the City to force it to make the necessary repairs. Smith also related that the 1970s judgment declared that there was a contractual relationship between the City and Smith and that the City had a duty to maintain the crossing. Smith then reargued that his property was severely damaged by another flood that occurred in 2004 and that the City "has failed to complete the repairs to the crossing" that were caused by the flooding.

In light of those allegations, Smith presented his claims for inverse condemnation and non-negligent nuisance. Regarding his inverse-condemnation claim, Smith asserted that his property was flooded by the City for public use and that he consented to the flooding on the condition that the City maintain the crossing. Further, he urged that because the City failed to maintain the crossing, his consent has been revoked. In addition, Smith contended that the building of the dam and the failure to maintain the crossing were intentional acts by the City that caused damage to his property. For these reasons, Smith insisted that his rights to his property have been taken without compensation in violation of the Texas Constitution. Regarding the non-negligent-nuisance claim, Smith asserted that the City "voluntarily and intentionally or non-negligently caused damage and depreciation" to his "property by building a dam and causing flooding on his property."

On appeal, Smith contends that his current claims are not barred by res judicata because nothing in his petition in the current suit "limits the basis for his complaints to conduct by

8

[the City] prior to the date of the judgment in the prior case." Accordingly, Smith insists that even if res judicata might have barred claims based on the City's actions prior to when the plea was granted in the prior suit, "causes of action and claims for relief" based on the City's actions occurring afterwards "would not be barred by *res judicata* because they could not have been brought in the prior suit." *Cf. Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001) (explaining that breach-of-settlement-agreement claim could not have been pursued in prior suit because no breach had occurred at time of prior suit). Stated differently, Smith urges that his current claims are not subject to preclusive effect because he is only seeking recompense for the City's failure to maintain the crossing after his initial suit was dismissed. For that reason, Smith insists that the district court erred by granting the City's motion for summary judgment.[1]

We disagree. In the current suit, Smith did not allege that his property had been further damaged after his original suit was dismissed. On the contrary, the claims in the current suit

---

[1] On appeal, Smith also urges that summary judgment was improperly granted because the City's motion for summary judgment does not establish "that the claims asserted in this proceeding are limited to claims based on" the City's conduct before the plea to the jurisdiction being granted in the prior suit. In addition, Smith asserts that there is not evidence "establishing as a matter of law that there was no conduct by" the City after the plea was granted that gave rise to the claims asserted by Smith in this case.

Although it is true that the City did not argue in its motion for summary judgment that the claims presented in the current suit are based only on conduct that occurred before the granting of the plea to the jurisdiction in the prior suit, we note that Smith did not allege in his response to the motion that summary judgment was inappropriate because his claims were based on conduct occurring after the plea was granted. Moreover, in its motion, the City asserted that the claims in the current suit have the same factual bases and address the same subject matter as the claims in the prior suit and could have been litigated in the prior suit. For the reasons expressed in the opinion, we agree with the City.

9

all stem from the same events alleged in the prior suit: the City's decision to flood the property and build a dam, two flooding events that caused damage to the crossing and Smith's property, and the City's alleged refusal to maintain and repair the crossing. In addition, the allegedly improper actions by the City after the prior suit was dismissed were a continuation of the failure-to-maintain allegations made in the prior suit. Moreover, as discussed above, in the prior suit, the City filed a plea to the jurisdiction arguing that Smith's claims were barred by governmental immunity, and Smith amended his petition several times in response to the City's jurisdictional arguments. But Smith never amended his petition to include an inverse-condemnation claim or a non-negligent-nuisance claim even though he now asserts that governmental immunity is waived for those types of claims. Recognizing that the inverse-condemnation and the non-negligent-nuisance claims could have been brought in the prior suit, Smith asked this Court in the prior appeal to allow him to amend his pleadings one more time to add the additional claims, but this Court determined that he was not entitled to an opportunity to amend because his pleadings "affirmatively negate[d] subject-matter jurisdiction for the causes of action he pleaded." *Smith*, 2009 Tex. App. LEXIS 7889, at *15.

In light of the preceding, we must conclude that the claims presented in the current suit arise from the same subject matter as the prior suit and could have been litigated in that lawsuit. *See Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 58 (Tex. 2006) (explaining that doctrine of res judicata "requires claims arising out of the same subject matter to be litigated in a single lawsuit"). Accordingly, we must also determine that the district court did not err by concluding that Smith's inverse-condemnation claim and his non-negligent-nuisance claim were barred by

10

res judicata and by granting the City's motion for summary judgment on that ground. We therefore overrule that portion of Smith's first issue on appeal.[2]

**Contempt Claim**

In his first issue, Smith also claims that the district court erred by concluding that his claim for contempt was barred by res judicata. As discussed previously, during the 1970s, Smith sued the City and obtained a judgment requiring the City to maintain the "crossing in a safe and usable condition for so long as" the City used Smith's property as a reservoir. That judgment was

---

[2] In its brief, the City argues that the district court did not have jurisdiction over Smith's claims in the current suit. *Cf. University of Houston v. Barth*, 313 S.W.3d 817, 818 (Tex. 2010) (per curiam) (explaining that subject-matter jurisdiction may be raised for first time on appeal). Although the City acknowledges that governmental immunity does not bar suits for inverse condemnation and non-negligent nuisance, *see Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 298 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (explaining that sovereign immunity is no defense to non-negligent-nuisance claim); *Texas Parks &Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 149 (Tex. App.—Austin 1998, no pet.) (stating that inverse condemnation "is a limited exception to the doctrine of sovereign immunity"), the City insists that Smith's claims are barred by governmental immunity because Smith failed to allege that the City engaged in an intentional act that resulted in the taking of private property for public use, *see AN Collision Ctr. of Addison, Inc. v. Town of Addison*, 310 S.W.3d 191, 196 (Tex. App.—Dallas 2010, no pet.) (relating that in absence of intentional act resulting in taking for public use, "claims for inverse condemnation and non-negligent nuisance . . . are barred by governmental immunity").

When determining whether a plaintiff's petition has alleged facts establishing that a trial court has jurisdiction over the claims, courts liberally construe the allegations in the petition in favor of the plaintiff. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In his petition, Smith alleged, among other things, that the City installed a dam for the purpose of flooding his property to create a reservoir, that the reservoir was designed to provide drinking water for the City's inhabitants, and that the flooding has damaged and deprived him of the use of his property, particularly the roadway that he needs to access his home. Under this liberal construction of Smith's petition, Smith has alleged an intentional act that resulted in the taking of private property for public use. Accordingly, we cannot agree with the City that the claims as pleaded by Smith failed to invoke the jurisdiction of the district court.

11

rendered by the 33rd District Court of Blanco County. Several years after the 1970s judgment was rendered, Smith initiated the prior suit in the 424th District Court of Blanco County. In the prior suit, Smith alleged that the City was in violation of the 1970s judgment and asked the district court to hold the City "in contempt of Court." After initially requesting the district court to hold the City in contempt, Smith later filed a notice of nonsuit regarding his contempt claim, and no contempt claim was included in his final amended petition in the prior suit. As mentioned earlier, the City filed a plea to the jurisdiction asserting that Smith's claims were barred by governmental immunity, and the district court granted the plea. In the current suit, Smith asked the 424th District Court to again hold that the City was in contempt of the 1970s judgment, but the district court determined that Smith's contempt claim was barred by res judicata.

When arguing in this appeal that his contempt claim was not barred by res judicata, Smith argues that the district court in the prior suit did not have jurisdiction over the contempt claim because the 1970s judgment that he was seeking to enforce through contempt was issued by a different district court. Accordingly, he urges that the district court's granting of the plea to the jurisdiction in the prior suit cannot have preclusive effect on his current contempt claim. On the other hand, the City insists that res judicata does apply in these circumstances and that the district court's granting of the plea to the jurisdiction in the prior suit precludes Smith from pursuing a claim for contempt.

Generally speaking, with a few exceptions not applicable here, courts "lack the authority to enforce another court's order by contempt." *In re Gabbai*, 968 S.W.2d 929, 931 (Tex. 1998) (stating that transferee courts generally lack "authority to punish by contempt acts which were

12

committed before the transfer"); *see Hereweareagain, Inc. v. City of Houston*, 383 S.W.3d 703, 709 (Tex. App.—Houston [14th Dist.] Sept. 25, 2012, no pet.) (explaining that trial court has "inherent power" to enforce its own judgment through contempt proceeding); *Galtex Prop. Investors, Inc. v. City of Galveston*, 113 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (same). *But see Ex parte Barnett*, 600 S.W.2d 252, 255-56 (Tex. 1980) (orig. proceeding) (explaining that courts in family law cases are empowered to enforce orders from other courts through contempt but noting that statute authorizes transferee court to decide all matters as if it had been filed in that court originally and specifically noting that it was not making determination regarding ability of court to enforce another court's order in absence of statutory authorization). In other words, a trial court does not have jurisdiction to enforce another court's order through contempt. *Cf. In re Gabbai*, 968 S.W.2d at 931 (explaining circumstances in which courts have jurisdiction to enforce orders through contempt).

As mentioned previously, the judgment that Smith initially sought in the prior suit to have enforced through contempt was not issued by the district court in which the prior suit was filed. Accordingly, the district court in the prior suit did not have jurisdiction over the contempt claim when it was filed and would not have had jurisdiction over the claim had Smith not chosen to withdraw the claim. For that reason, Smith's contempt claim is not a claim that properly could have or should have been raised in the prior suit. *See Pipes*, 358 S.W.3d at 448. Therefore, we must conclude that the district court in the current case erred when it granted the City's motion for summary judgment and disposed of Smith's contempt claim on the ground that it was barred by res judicata.

In light of that determination, we sustain this portion of Smith's first issue on appeal.

13

**Sanctions**

In his second issue on appeal, Smith contends that the district court in the current case erred by requiring him to pay attorney's fees and costs as a sanction. *See* Tex. R. Civ. P. 13 (allowing trial court to impose sanctions for pleadings that are groundless and brought in bad faith or groundless and brought for purpose of harassment); *see also id.* R. 215.2(b) (listing permissible types of sanctions, including charging costs and attorney's fees). When it imposed the sanction, the district court primarily based its decision on its conclusion that Smith's claims were barred by res judicata. In light of our determination that the district court erred when it concluded that Smith's contempt claim was barred by res judicata, we remand the issue of sanctions to the district court to allow it to determine what amount of sanctions, if any, is appropriate in light of our ruling. *Cf. PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 480 (Tex. 2008) (remanding issue of sanction to trial court in light of ruling on other issue on appeal); *Ochsner v. Ochsner*, No. 14-11-00395-CV, 2012 Tex. App. LEXIS 4044, at *13 (Tex. App.— Houston [14th Dist.] May 22, 2012, no pet.) (mem. op.) (remanding case after concluding that basis upon which trial court imposed sanctions was improper).

## CONCLUSION

Having sustained in part and overruled in part Smith's first issue on appeal, we affirm the district court's entry of summary judgment in favor of the City regarding Smith's non-negligent nuisance and inverse-condemnation claims but reverse the district court's entry of summary judgment in favor of the City regarding Smith's contempt claim and remand that issue for further

14

proceedings. Further, given our disposition of Smith's first issue, we remand the issue of sanctions for further proceedings.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed in Part, Reversed and Remanded in Part

Filed:   February 1, 2013