

NUMBER 13-14-00584-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY PARTAIN,                                                          Appellant,

v.

THE ESTATE OF JAMES HAROLD
MAPLES,                                                                      Appellee.

## On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria

Appellant Johnny Partain, proceeding pro se, appeals the county court's order dismissing his attempt to appeal a default judgment in a forcible-detainer action rendered in favor of appellee, the Estate of James Harold Maples ("the Estate"). We affirm the order of the county court dismissing appellant's suit for lack of jurisdiction.

## I. BACKGROUND

Appellant and James Harold Maples engaged in a long history of litigation that arose from the Chapter 11 bankruptcy of Maples's company, Global Limo, Inc. This litigation resulted in multiple decisions from state and federal courts, including this Court.[1] The litigation between appellant and Maples involved title to a condominium located at North Seventh Court in McAllen, Texas ("the Property"), among other matters.

On April 27, 2006, the United States Bankruptcy Court for the Southern District of Texas issued an unpublished final judgment in case no. 05-70128 vesting title to the Property in Maples's bankruptcy estate and vacating any *lis pendens* "or other cloud on ownership" on the Property. That judgment has become final. On the strength of the final judgment of the bankruptcy court, Maples instituted a forcible entry and detainer action, and the justice court entered a final judgment awarding immediate possession of the property. *See generally* TEX. PROP. CODE ANN. § 24.001–.011 (West, Westlaw through Chapter 46 2015 R.S.). The justice court's judgment was not appealed.

---

[1] *See, e.g.*, *Partain v. Isgur*, 390 Fed. Appx. 326, 327 (5th Cir. 2010) (per curiam); *In re Maples*, 529 F.3d 670, 671 (5th Cir. 2008) (per curiam); *Partain v. Maples*, 438 S.W.3d 69, 70 (Tex. App.—Corpus Christi 2013, no pet.); *In re Maples*, No. 13-08-00524-CV, 2008 WL 4515808, at *1 (Tex. App.—Corpus Christi Oct. 8, 2008, orig. proceeding [mand. denied]) (per curiam mem. op.); *In re Partain*, No. 13-11-00276-CV, 2011 WL 1936057, at *1 (Tex. App.—Corpus Christi May 18, 2011, orig. proceeding) (per curiam mem. op.).

Appellant filed a document entitled "Special Warranty Deed" with the Hidalgo County District Clerk. This document, dated January 25, 2005,[2] (a little over a year before the bankruptcy court judgment vesting title to the Property in Maples's bankruptcy estate), purports to transfer ownership of the Property from Global Limo to appellant. Pursuant to this document, appellant obtained "Turnover Order No. 5" from the Hidalgo County Court at Law. Turnover Order No. 5 awarded "all interests, rights, and authority" to the Property to appellant and his wife.

After Maples's death, appellant regained entry to the Property and leased it to a woman named Dora Martinez. The Estate, acting through its executor and attorney, William John McCarthy, filed a forcible detainer action against Martinez and all other tenants of the Property. Martinez did not appear, and the justice court rendered a default judgment awarding immediate possession of the Property to the Estate. The justice court denied appellant's attempt to intervene in the justice court proceedings.

Appellant filed an "intervenor's notice of appeal," attempting to appeal the default judgment from the justice court to the Hidalgo County Court at Law for a trial de novo. *See* TEX. R. CIV. P. 510.9, .10. (providing for the losing party in a forcible detainer action to appeal to the county court at law for a trial de novo). Appellant also filed an emergency motion for a temporary restraining order and a request for a temporary injunction. The county court granted the temporary restraining order and set a hearing on appellant's request for a temporary injunction. Following the hearing, the county court entered an

---

[2] However, according to Maples's motion for judicial review, appellant filed the document entitled "Special Warranty Deed" with the Hidalgo County Clerk on June 1, 2004.

3

order dismissing the case.  At appellant's request, the county court entered the following findings of fact and conclusions of law, which we reproduce in full:

1. On September 29, 2014, the court conducted a hearing regarding the continuation of a temporary restraining order.

2. [The] Court finds that [appellant] had previously attempted to intervene in and represent Dora Martinez in Justice Court Pct. 4, Pl. 2, cause # JP2014-458 wherein the tenant defaulted.  No timely Notice of Appeal was filed with any county court.  [Appellant] brought this action for injunctive relief.

3. [The] Court finds that [appellant] was not allowed in the Justice Court to represent the tenant since he is not a licensed attorney, and was himself subject to an earlier adverse Forcible Entry and Detainer and Writ of Possession Action that was not timely appealed.

4. In addition, [the] court finds [that appellant] was precluded by an earlier federal bankruptcy proceeding resting title to the premises to the Maples Estate which became final and was not timely appealed.

5. [The] Court finds [appellant's] action was not an appeal from the forcible entry and detainer and writ of possession judgment but a request for injunctive relief.  [Appellant] raised a title issue of which the court does not have jurisdiction.

6. [The] Court finds [appellant] did not comply with TRCP Rule 689 outlining the procedure for service of an injunction, and did not comply with TRCP 688 requiring the writ be drafted and issued by the county clerk, and did not comply with TRCP Rule 687 which determines the requisites to be included, labeled Requisites of Writ.

7. After a hearing the Court finds a lack of standing, and procedural deficiencies and this court dismissed this action by order signed October 03, 2014.

8. [The] Court finds [appellant's] actions were without authority in law, were not in compliance with the Texas Rules of Civil Procedure, and this court dismissed [appellant's] action.

Appellant filed a notice of appeal in this Court that specifically stated that he appealed "the Default Judgment, dated August 29, 2014, against Intervener's property and tenant, Dora Martinez."[3]

## II. STANDING

We do not reach any of appellant's three issues on appeal[4] because we agree that the trial court had no jurisdiction to conduct a trial de novo of the justice court's order evicting Dora Martinez. *See Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.) (raising issue of the jurisdiction of lower court in forcible detainer action *sua sponte*); *see also* TEX. R. APP. P. 47.1.

### A. Standard of Review and Applicable Law

Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether standing exists is a question of law that we review de novo. *Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 373 (Tex. App.—Corpus Christi 1999, no pet.). "Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003); *see Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110

---

[3] In July of 2014, the Estate filed a petition seeking judicial review of the Special Warranty Deed in the 370th District Court of Hidalgo County. *See* TEX. GOV'T CODE ANN. § 51.902 (West, Westlaw through Chapter 46 2015 R.S.) (permitting judicial review of a document filed with the district clerk purporting to create a judgment lien on the motion of a person against whom a purported judgment was rendered who has reason to believe that the document is fraudulent). After briefing was complete in this case, the Estate supplemented the record with an order dated February 13, 2015, issued by Judge Manuel Banales, sitting by assignment, concluding that the Special Warranty Deed was not a valid deed to the Property.

[4] Appellant asserts by his three issues that: (1) the justice court lacked jurisdiction to entertain the Estate's forcible detainer action because the Estate is not a legal entity with standing to bring a forcible detainer action; (2) the county court abused its discretion by dismissing appellant's appeal of the trial court's order awarding immediate possession of the premises to appellant; and (3) the forcible detainer statute is unconstitutional.

(Tex. 1999) (observing that "[g]enerally, appeal is available only to parties of record"). An appellant who is not a named party generally has no standing to bring an appeal. *See City of San Benito*, 109 S.W.3d at 754; *In re Guardianship of DeLuna*, 286 S.W.3d 379, 383 (Tex. App.—Corpus Christi 2008, orig. proceeding).

### B. Discussion

Appellant attempted to invoke the county court's jurisdiction by filing an "Intervener's Notice of Appeal" and a bond of the order evicting Martinez from the Property. However, it is undisputed that appellant was not a named party to the Estate's forcible detainer suit against Martinez. Appellant does not attempt to present his appeal as an exception to the general rule that only a named party may bring an appeal. *See In re Guardianship of DeLuna*, 286 S.W.3d at 383 n.5 (discussing the "virtual representation" exception). We hold that appellant had no standing to appeal the judgment evicting Martinez to the county court because he was not a named party to the underlying forcible-detainer action. *See City of San Benito*, 109 S.W.3d at 754; *In re Guardianship of DeLuna*, 286 S.W.3d at 383; *see also Landy v. Sheppard's Edge Apartments, Ltd.*, No 02-07-00383-CV, 2008 WL 4938285, at *1 (Tex. App.—Fort Worth Nov. 20, 2008, no pet.) (mem. op.) (concluding that the divorced wife of the occupant of the property had no standing to appeal a judgment evicting her ex-husband when she was not a named party to the forcible detainer action and admitted that she was not the occupant of the property). We conclude that the trial court properly dismissed the case for lack of jurisdiction.

### III. APPELLANT'S MOTION FOR CONTEMPT

Appellant has filed a separate "motion for contempt" in which he requests that we find William John McCarthy, the Estate's attorney, in contempt for allegedly violating

6

Turnover Order No. 5. Appellant requests that we sanction McCarthy "appropriately through fine, incarceration, and a recommendation of disbarment."

The power to punish for contempt "is an inherent power of the court." *In re Office of Atty. Gen.*, 422 S.W.3d 623, 627 (Tex. 2013) (orig. proceeding). However, "while courts possess inherent power to enforce their own orders through contempt proceedings, they generally lack the authority to enforce another court's orders by contempt." *In re Gabbai*, 968 S.W.2d 929, 931 (Tex. 1998) (orig. proceeding) (internal citations omitted). This Court did not issue Turnover Order No. 5, and appellant does not attempt to fit his motion into any of the exceptions to the general rule that courts may not enforce the orders of other courts by contempt. *See id.* Accordingly, we deny appellant's motion for contempt.

## IV. THE ESTATE'S MOTION FOR APPELLATE SANCTIONS

The Estate has filed a motion requesting that we impose sanctions on appellant for filing a frivolous appeal. *See* TEX. R. APP. P. 45.

### A. Applicable Law

Texas Rule of Appellate Procedure 45 authorizes this Court to award a prevailing party "just damages" if we determine that an appeal is frivolous. *Id.* In determining whether sanctions are appropriate, we review the record from appellant's standpoint and objectively decide whether he had a reasonable expectation of reversal or whether he pursued this appeal in bad faith. *In re Estate of Robinson*, 140 S.W.3d 801, 813 (Tex. App.—Corpus Christi 2004, pet. dism'd). Whether to grant sanctions for a frivolous appeal is a matter of discretion that this Court exercises with prudence and caution and only after careful deliberation. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Even if we find an appeal to be

7

frivolous, we will impose sanctions only in truly egregious circumstances. *Gard v. Bandera County Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.).

### B. Discussion

After an objective review of the record, we conclude that appellant had no reasonable likelihood of reversal. It is well established that only named parties to a case may appeal a decision in it, and appellant did not attempt to fit his case into the exception to that rule. *See City of San Benito*, 109 S.W.3d at 754; *see also In re Guardianship of DeLuna*, 286 S.W.3d at 383 n.5 (discussing the "virtual representation" exception). However, the record is fragmentary and not conclusive on the circumstances in question. We are unable to conclude with certainty that this case presents truly egregious circumstances that warrant appellate sanctions. *See Gard*, 293 S.W.3d at 619. In the exercise of our sound discretion, we decline to sanction appellant in this case.[5] *See Glassman*, 347 S.W.3d at 782; *Gard*, 293 S.W.3d at 619. We deny the Estate's motion for appellate sanctions.

### V. CONCLUSION

We affirm the trial court's order dismissing for lack of jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed the
25th day of June, 2015.

---

[5] Our decision not to sanction appellant should not be interpreted as a commentary on the underlying merits of appellant's case or on the propriety of his conduct.