

# NUMBER 13-16-00516-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOHNNY PARTAIN

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion Per Curiam[1]**

By amended petition for writ of mandamus, relator Johnny Partain, proceeding pro se, contends that he is entitled to: (1) a default judgment and a summary judgment against the State of Texas regarding liability in the underlying case, (2) a trial setting to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

determine costs, (3) recovery of the costs of Partain's appeal in a separate matter, and (3) an "open court."[2]

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, No. 15-0328, 2016 WL 3537206, at *2, __ S.W.3d __, __ (Tex. June 24, 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d

---

[2] This original proceeding arises from trial court cause number C-0929-12-F in the 332nd District Court of Hidalgo County, Texas, and the Honorable Mario Efrain Ramirez Jr. is the respondent. Relator identifies the real parties in interest as: the State of Texas; Hidalgo County Sheriff/Constable J.E. "Eddie" Guerra; Deputy Constable Carlos Gonzalez; Justice of the Peace Homer Jasso Sr.; District Judge (Retired) Alex W. Gabert; District Judge Jose Manuel Banales; Senior District Judge Robert Max Blackmon; County Judge Sergio Valdez; District Attorney Rene Guerra; County Judge Rodolfo Gonzalez; Hidalgo County Sheriff Guadalupe "Lupe" Trevino; Hidalgo County, Texas; McAllen Police Chief Victor Rodriguez; City of McAllen, Texas; Compass Bank; Farmers Insurance, Insurance Exchange; and State Bar of Texas. *See* TEX. R. APP. P. 52.2.

The trial court cause number from which this petition for writ of mandamus originates has previously been subject to appeal. *See Partain v. Guerra*, No. 13-13-00341-CV, 2015 WL 4116727, at *1 (Tex. App.—Corpus Christi July 2, 2015, no pet.) (mem. op.), and is connected to numerous other legal proceedings. *See, e.g., Partain v. Isgur*, 390 Fed. Appx. 326, 327 (5th Cir. 2010) (per curiam); *In re Maples*, 529 F.3d 670, 671 (5th Cir. 2008) (per curiam); *Partain v. Estate of Maples*, No. 13-14-00584-CV, 2015 WL 5092167, at *1 (Tex. App.—Corpus Christi June 25, 2015, pet. dism'd w.o.j.) (mem. op.); *Partain v. Maples*, 438 S.W.3d 69, 70 (Tex. App.–Corpus Christi 2013, no pet.); *In re Maples*, No. 13-08-00524-CV, 2008 WL 4515808, at *1 (Tex. App.–Corpus Christi Oct. 8, 2008, orig. proceeding [mand. denied] ) (per curiam mem. op.); *In re Partain*, No. 13-11-00276-CV, 2011 WL 1936057, at *1 (Tex. App.–Corpus Christi May 18, 2011, orig. proceeding) (per curiam mem. op.).

2

524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
3rd day of September, 2016.