**Opinion issued December 28, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-23-00295-CV

———————————

### PHYLLIS J. MORGAN, Appellant

### V.

### HANI HANNA AND NAGLAA GHOBRIEL, Appellees

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. CV-0087282**

---

### MEMORANDUM OPINION

This is an appeal from a judgment signed on January 18, 2023. On April 21, 2023, this Court ordered the parties to mediation and ordered that mediation be completed within 45 days. *See* TEX. CIV. PRAC. & REM. CODE §§ 154.021, 154.022(a), 154.023. No party timely objected to mediation. *See id.* § 154.022(b).

And no party notified the Court that mediation had been conducted and completed by the prescribed deadline.

Accordingly, on August 24, 2023, we issued a second order abating the appeal and again ordering the parties to proceed to mediation—with mediation to be completed by October 13, 2023. Because the parties failed to object to our initial mediation order, we noted that any objection to our second order would be untimely. The parties failed to comply with our second order.

Instead, on October 24, appellees Hani Hanna and Naglaa Ghobriel moved to dismiss appellant Phyllis J. Morgan's appeal for failure to comply with our previous two orders. *See* TEX. R. APP. P. 42.3(c). According to appellees, they attempted to comply with the Court's mediation orders—but received no cooperation from appellant. Appellant then filed a response generally blaming appellees for the parties' failure to comply with this Court's two mediation orders—but appellant provided no supporting explanation for her assertion.

On November 21, 2023, we issued a third order. This time we instructed both parties to file a verified response with the Court—by 5:00 p.m. on Monday, November 27, 2023—detailing (1) why the Court's orders of April 21, 2023 and August 24, 2023 had not been complied with and (2) why the Court should not consider imposing appropriate sanctions against the party or parties that have failed

2

to comply with our orders. We notified the parties that any failure to comply with this order may subject that party to appropriate sanctions.

Appellees timely complied with our November 21 order. They provided verified facts, responsive to our inquiries, demonstrating that appellant's lack of cooperation and unwillingness to comply with our two mediation orders is the root of the issue here.

Appellant, on the other hand, did not timely comply with our third order. Instead, appellant filed a late response—which was not properly verified and did not include the information requested by the Court.

Consequently, on December 5, 2023, we issued a fourth order.

In the fourth order, we observed that appellant not only failed to comply with our November 21 order, but also failed to comply with our two preceding orders. We also explained "[t]here can be no doubt that parties are required to comply with this Court's orders" and that "this Court has exclusive jurisdiction to enforce its orders—which it must do. *See In re Gabbai*, 968 S.W.2d 929, 931 (Tex. 1998); *see also* TEX. R. APP. P. 42.3(c)."

Accordingly, our December 5 order required appellant to file a written notice with the Court, within ten days of that order (by December 15, 2023), "stating that appellant will immediately comply with our April 21, 2023 and August 24, 2023

mediation orders and will participate in mediation with appellees in good faith, with such mediation to be completed <u>no later than January 12, 2024</u>."

We also stated in the December 5 order that if the Court did not receive this written notice from appellant within ten days of the date of that order (by December 15), her appeal will be subject to dismissal pursuant to Texas Rule of Appellate Procedure 42.3(c). *See* TEX. R. APP. P. 42.3(c). Appellant did not comply with this Court's order for the fourth consecutive time.[1]

Accordingly, the Court reinstates this case to the Court's active docket and dismisses the appeal for failure to comply with the Court's orders.[2] *Id.* We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

---

[1]    Instead, appellant filed a motion for en banc reconsideration of the December 5, 2023 order. That motion was denied on December 14, 2023 by a unanimous en banc court.

[2]    *See Muery v. Dean & Dean Enters., Inc.*, No. 14-02-00798-CV, 2002 WL 31319532, at *1 (Tex. App.—Houston [14th Dist.] Oct. 17, 2002, no pet.) (mem. op.) (per curiam) (dismissing appeal pursuant to Texas Rule of Appellate Procedure 42.3(c) for failure to comply with mediation order, and noting appellant's response to court's notice of intent to dismiss did not demonstrate reasonable explanation for failure to comply); *Holley v. LeFebvre*, No. 14-99-0709-CV, 2000 WL 4930, at *1 (Tex. App.—Houston [14th Dist.] Jan. 6, 2000, no pet.) (per curiam) (dismissing appeal pursuant to Rule 42.3(c) for failure to comply with court's mediation order).