02-12-134-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-12-00134-CV

 

 


 
 
 Mark
 Lee Newby
  
  
 v.
  
  
 Dianne
 Marie Uhl
 
 
 §
  
 §
  
 §
  
 §
 
 
 From
 the 233rd District Court
  
 of
 Tarrant County (324-460819-09)
  
 November
 15, 2012
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

         
This court has considered the record on appeal in this case and holds that the
appeal should be dismissed as moot.  It is ordered that the appeal is
dismissed as moot.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-12-00134-CV

 

 


 
 
 Mark Lee Newby
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Dianne Marie Uhl
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 233rd District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

         
The trial court signed an order on March 9, 2012, finding Appellant Mark
Lee Newby in criminal and civil contempt, committing him to jail, and ordering
him to pay child support and health expense reimbursement arrearages. 
Newby filed a petition for writ of habeas corpus challenging the contempt
findings, and we struck the portion of the order holding Newby in criminal
contempt and modified the civil contempt part of the order.  See
In re Newby, 370 S.W.3d 463, 470–71 (Tex.
App.—Fort Worth 2012, orig. proceeding).

         
In this direct appeal of the March 9, 2012 order, Newby does not challenge
the part of the order awarding arrearages to Appellee Dianne Marie Uhl.  See In re B.A.T.,
No. 05-10-00593-CV, 2010 WL 3991426, at *1 (Tex. App.—Dallas Oct. 11,
2010, no pet.) (mem. op.) (“Although a party may not challenge a judgment of
contempt by direct appeal, a party may appeal a final arrearage order provided
the notice of appeal is timely filed.”).  Instead, he merely argues that
he should be released from jail.

         
Uhl has filed a motion to dismiss this appeal,
arguing that the appeal is moot because the trial court ordered Newby released
from jail on October 12, 2012.  Uhl
attached to the motion an “Order of Release from Jail” signed by the trial
court on October 12, 2012.  Therefore, notwithstanding that a direct
appeal is not the appropriate method to challenge a contempt judgment,[2] the trial court’s October 12, 2012
order mooted the issue raised in this appeal.  We dismiss this
appeal.  See Tex. R. App. P. 43.2(f).

 

PER CURIAM

 

PANEL: 
MEIER, J.; LIVINGSTON, C.J.; and GARDNER, J.

 

DELIVERED:  November
15, 2012














[1]See
Tex. R. App. P. 47.4.





[2]See
Cadle Co. v. Lobingier,
50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet
denied) (stating that a contempt judgment is reviewable only via a petition for
writ of habeas corpus (if the contemnor is confined) or a petition for writ of
mandamus (if no confinement is involved)); see also Beeler v. Fuqua, 351
S.W.3d 428, 433 (Tex. App.—El Paso 2011, pet. denied)
(“We lack jurisdiction over a direct appeal from a contempt order, even if the
contempt order is appealed along with a judgment that is appealable.”).