

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00134-CV

| | | |
|---|---|---|
| Mark Lee Newby | § | From the 233rd District Court |
| | § | of Tarrant County (324-460819-09) |
| v. | | |
| | § | November 15, 2012 |
| Dianne Marie Uhl | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed as moot. It is ordered that the appeal is dismissed as moot.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00134-CV

MARK LEE NEWBY                                                    APPELLANT

V.

DIANNE MARIE UHL                                                   APPELLEE

----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court signed an order on March 9, 2012, finding Appellant Mark Lee Newby in criminal and civil contempt, committing him to jail, and ordering him to pay child support and health expense reimbursement arrearages. Newby filed a petition for writ of habeas corpus challenging the contempt findings, and we struck the portion of the order holding Newby in criminal contempt and

---

[1]*See* Tex. R. App. P. 47.4.

modified the civil contempt part of the order.  *See In re Newby*, 370 S.W.3d 463, 470–71 (Tex. App.—Fort Worth 2012, orig. proceeding).

In this direct appeal of the March 9, 2012 order, Newby does not challenge the part of the order awarding arrearages to Appellee Dianne Marie Uhl.  *See In re B.A.T.*, No. 05-10-00593-CV, 2010 WL 3991426, at *1 (Tex. App.—Dallas Oct. 11, 2010, no pet.) (mem. op.) ("Although a party may not challenge a judgment of contempt by direct appeal, a party may appeal a final arrearage order provided the notice of appeal is timely filed.").  Instead, he merely argues that he should be released from jail.

Uhl has filed a motion to dismiss this appeal, arguing that the appeal is moot because the trial court ordered Newby released from jail on October 12, 2012.  Uhl attached to the motion an "Order of Release from Jail" signed by the trial court on October 12, 2012.  Therefore, notwithstanding that a direct appeal is not the appropriate method to challenge a contempt judgment,[2] the trial court's October 12, 2012 order mooted the issue raised in this appeal.  We dismiss this appeal.  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

---

[2]*See Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet denied) (stating that a contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)); *see also Beeler v. Fuqua*, 351 S.W.3d 428, 433 (Tex. App.—El Paso 2011, pet. denied) ("We lack jurisdiction over a direct appeal from a contempt order, even if the contempt order is appealed along with a judgment that is appealable.").

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED:  November 15, 2012