**Opinion issued June 12, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-13-00964-CV

———————————

## IN RE DAVID A. CHAUMETTE, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### OPINION

Relator, David A. Chaumette, requests habeas corpus relief from a November 19, 2012 trial court "Judgment of Contempt-David A. Chaumette."[1] On November 13, 2013, after a preliminary review of relator's petition for writ of habeas corpus, we ordered relator released upon his posting of a bond in the

---

[1] The underlying case is *Black Sigma, LLC v. John P. Benkenstein, David A. Chaumette, Howard F. Cordary, Jr., and Michael P. Robinson*, cause number 64769, pending in the 23rd District Court of Brazoria County, Texas, the Honorable Ben Hardin presiding.

amount of $1000.00, pending a final determination of his petition. Because we conclude that relator is entitled to habeas relief, we grant his petition for writ of habeas corpus, order relator released from the bond set by this Court on November 13, 2013, and order him discharged from custody.

## Background

The underlying suit involves the foreclosure of real property located in Brazoria County, Texas. In 2011, real party in interest, Black Sigma, LLC ("Black Sigma"), sought a temporary injunction to prevent Michael Robinson ("Robinson"), the third-party defendant in the underlying suit, from conducting a trustee's sale of the Brazoria County property. An order granting the temporary injunction was signed by the trial court on September 1, 2011. On October 7, 2011, the trial court signed an amended order granting the temporary injunction, which "relate[d] back to, the Order granting temporary injunction of September 1, 2011." Subsequently, an interlocutory appeal from the amended temporary injunction order was filed in this Court, appellate cause number 01-11-00917-CV, by Robinson.

On May 22, 2012, Black Sigma filed a "Motion for Contempt and for Referral to the Trial Court to Enforce Temporary Injunction" in appellate cause number 01-11-00917-CV, arguing that relator, among others, should be held in contempt for violating the trial court's temporary injunction orders. In its motion,

2

Black Sigma asserted that relator, while acting as substitute trustee, took bids as part of a substitute trustee's sale on the Brazoria County property and transferred the property by substitute trustee's deed in violation of the trial court's temporary injunction orders.

On June 7, 2012, this Court issued an "Order of Abatement and Referral of Enforcement Proceeding to the Trial Court," which referred the enforcement proceeding of the temporary injunction orders to the trial court for that court to hear evidence and grant appropriate relief. The contempt proceedings, which are the subject of relator's petition for writ of habeas corpus, subsequently commenced in the trial court.

On November 19, 2012, the trial court found relator guilty of civil contempt for violating the temporary injunction orders. Specifically, the trial court found that relator violated the trial court's orders:

1. By conducting a substitute trustee's sale on September 6, 2011 as described in the substitute trustee's deed entered into evidence, in violation of this Court's Order Granting Temporary Injunction of September 1, 2011; and

2. By executing and recording said substitute trustee's deed in violation of this Court's Order Granting Temporary Injunction of September 1, 2011, and Amended Order Granting Temporary Injunction of October 7, 2011.

The contempt order further provided that relator "shall be confined in the Brazoria County Jail until he purges himself of contempt by executing and recording a

3

document in form acceptable to the Court, vacating the said substitute trustee's deed, effective September 6, 2011."

On October 3, 2013, relator attempted to purge himself of contempt by filing a "Rescission of Foreclosure Sale" in the real property records and notice to the trial court that he had done so. The trial court, however, did not find relator's "Rescission of Foreclosure Sale" acceptable.

Instead, on October 7, 2013, the trial court presented relator with an "Order and Declaratory Judgment on Amended Motion to Vacate Substitute Trustee's Deed," as a means of reversing the September 6, 2011 substitute trustee's sale. The order required relator to acknowledge by signature approval of both the substance and form of the proposed order. The trial court also presented relator with a document titled "Rescission of Deed," which the trial court ordered relator to execute. The signed order, along with the "Rescission of Deed," and other documents, were to be returned to the trial court by November 4, 2013.

In his petition, relator states that he could not sign the trial court's proposed order or the Rescission of Deed because they contained inaccuracies. Relator attempted to execute such documents, in a form that relator was comfortable with; however, the trial court appears to have found relator's attempt to be insufficient.

On November 8, 2013, the trial court issued a capias for the arrest of relator based on the trial court's November 19, 2012 civil contempt order. Relator

4

subsequently filed a petition for writ of habeas corpus with this Court. We ordered relator released upon his posting of a bond, pending full submission of the matter. We also requested a response from Black Sigma, which was filed on December 12, 2013.

## Standard of Review

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). In a habeas corpus proceeding, the order or judgment challenged is presumed to be valid. *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). For this Court to order the release of a relator in a habeas corpus proceeding, we must find that the trial court's order directing the relator to be incarcerated is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

## Discussion

Relator asserts his confinement is illegal because: (1) the temporary injunction vitiated relator's authority to conduct the foreclosure sale and, therefore, relator cannot be compelled to rescind a foreclosure sale that was itself void; (2) the judgment of civil contempt is void because it lacks specificity regarding the acts relator must perform to purge himself of contempt; (3) relator was prevented from signing the order presented to relator by the trial court on October 7, 2013; (4) relator already purged the alleged contempt as a matter of law; (5) the September 1, 2011 temporary injunction order was too vague on its face and ambiguous to give relator proper notice; and (6) the capias was not issued sufficiently close in time to the trial court's judgment of civil contempt. Because we sustain relator's second issue, we do not address the other issues in relator's petition.

In his second issue, relator asserts that his due process rights were violated because the trial court's judgment of civil contempt did not specify in clear and unambiguous language what relator must do to purge himself of contempt. We agree.

The trial court found relator guilty of civil contempt in its November 19, 2012 order of contempt. Civil contempt is considered remedial and coercive in nature. *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding); *In*

*re Houston*, 92 S.W.3d 870, 876 n.2 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). "The object of civil contempt is to coerce the contemnor to comply with some order of the court." *Ex parte Durham*, 921 S.W.2d 482, 485 (Tex. App.—Corpus Christi 1996, orig. proceeding); *see also Ex parte Zinn*, No. 04-95-00525-CV, 1996 WL 11423, at *4 (Tex. App.—San Antonio Jan. 11, 1996, orig. proceeding) (not designated for publication) ("The purpose [of civil contempt] is to persuade the contemnor to obey a prior order.").

A contemnor may procure his release from the restraint on his liberty by compliance with the provisions of the court's order. *In re Houston*, 92 S.W.3d at 876 n.2; *see also Ex parte Zinn*, 1996 WL 11423, at *4 ("Imprisonment is conditional upon obedience; the judgment provides that the contemnor is to be imprisoned unless and until he performs a specified affirmative act."). Because of this, when civil contempt is imposed, the order must spell out exactly what duties and obligations are imposed and what the contemnor can do to purge the contempt. *In re Tsertos*, No. 01-11-00170-CV, 2011 WL 941571, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2011, orig. proceeding) (mem. op.); *In re Houston*, 92 S.W.3d at 877; *see also In re Johnson*, No. 14-09-00775-CV, 2009 WL 4345405, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, orig. proceeding) (mem. op.) ("[O]rder must tell the contemnor in clear, specific, and unambiguous words how to gain release from contempt."); *Ex parte Williams*, 866 S.W.2d 751, 753–54

(Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("[O]rder must specify in clear language the actions which the contemnor must perform in order to gain release."). The failure of an order of contempt to specify in clear and unambiguous language what the contemnor is required to do to purge himself and escape the restraint on his liberty renders the order invalid. *See Ex parte Zinn*, 1996 WL 11423, at \*4–5; *Ex parte Rosser*, 899 S.W.2d 382, 387 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

Here, the trial court's civil contempt order stated the following with respect to the manner in which relator may purge himself of civil contempt:

> David A. Chaumette shall be confined in the Brazoria County Jail until he purges himself of contempt by executing and recording a document in form acceptable to the Court, vacating the said substitute trustee's deed effective September 6, 2011.

This purging condition does not clearly or specifically notify relator of the action he needs to take to purge himself of contempt and escape the restraint on his liberty. The provision fails to specify the type of document relator is required to execute and record in order to vacate the substitute trustee's deed and leaves open for interpretation the form of the required document, given that the only guideline is that it must be in a "form acceptable to the [trial court]."

We hold that the purging provision of the contempt order does not "spell out exactly" in clear and unambiguous language what relator must do to purge the contempt. *See In re Houston*, 92 S.W.3d at 877; *see also In re Johnson*, 2009 WL

8

4345405, at *2 (order must tell contemnor in "clear, specific, and unambiguous words" how to purge himself of contempt). Therefore, the contempt order is void. *See Ex parte Rosser*, 899 S.W.2d at 387 (order that does not clearly set out action relator must take is void). Relator's second issue is sustained.

## Conclusion

We grant relator's petition for writ of habeas corpus, order relator released from the bond set by this Court on November 13, 2013, and order relator discharged from custody.[2]

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

---

[2]    Since the capias was issued to enforce the contempt order which has been found void, the capias is also hereby rendered void. *See Ex parte Rosser*, 899 S.W.2d 382, 387 n.13 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

9