**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00157-CV**

_____

**NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND MTGLQ INVESTORS, L.P., Appellants**

**V.**

**BEVERLY SALVAGIO AND JAMES DAVID SALVAGIO, Appellees**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-201,268**

_____

**NO. 09-19-00254-CV**

_____

**IN RE MTGLQ INVESTORS, L.P.**

**Original Proceeding – Writ of Injunction**
**From the 58th District Court of Jefferson County, Texas**
**Trial Cause No. A-201,268**

_____

1

## MEMORANDUM OPINION ON CONTEMPT

## Background and Procedural Posture

In appeal number 09-19-00157-CV in this Court, MTGLQ Investors, L.P. (MTGLQ) and Shellpoint Mortgage Servicing (Shellpoint) appeal the trial court's summary judgment orders in the parties' underlying litigation.[1] During the pendency of the appeal, MTGLQ filed an original proceeding petitioning for a writ of injunction to prohibit James David Salvagio from transferring or otherwise disposing of the subject real property, which was assigned cause number 09-19-00254-CV. On August 21, 2019, this Court issued the following writ of injunction:

> TO: JAMES DAVID SALVAGIO, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF BEVERLY SALVAGIO, DECEASED, AND AS BENEFICIARY AND TRUSTEE OF THE JAMES DAVID SALVAGIO LIVING ESTATE TRUST
>
> Whereas MTGLQ Investors[,] L.P. ("MTGLQ"), relator in this cause, has filed a petition for injunctive relief, and a majority of the Justices of the Ninth Court of Appeals, upon presentation by MTGLQ of its request for injunctive relief, issued an opinion that granted the petition for writ of injunction.
>
> THEREFORE, you, James David Salvagio, individually and as independent executor of the Estate of Beverly Salvagio, Deceased, and as beneficiary and trustee of the James David Salvagio Living Estate Trust, are ENJOINED from directly or indirectly selling, conveying, or otherwise disposing of the following property located in Jefferson, County, Texas: Lot Number sixteen (16), in Block Number five (5) of

---

[1] The issues raised in the underlying appeal are being addressed in a separate memorandum opinion of this Court.

Helena Park, section three (3) addition to the City of Nederland, Jefferson County, Texas, according to the map or plat of record in volume 11, page 4, map records in the office of the County Clerk of said county and state, commonly known as 3119 Nashville, Nederland, Texas 77627.

The injunction issues without bond and shall continue in effect until this Court's mandate has issued in the underlying appeal, appeal number 09-19-00157-CV, styled *New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing and MTGLQ Investors[,] L.P. v. Beverly Salvagio and James David Salvagio*, or until further order of this Court.

ISSUED under my hand and seal August 21, 2019.

_____
CAROL ANNE HARLEY
Clerk of the Court

James David Salvagio did not challenge this injunction.

Upon receiving notice that on or about August 19, 2020, James David Salvagio violated this Court's August 21, 2019 writ of injunction by executing a warranty deed as trustee of James David Salvagio Living Estate Trust to Julianne Salvagio and John Salvagio, and that the grantees of the warranty deed, Julianne Salvagio and John Salvagio, purported to grant a first lien in the property to Quicken Loans, LLC to secure a note in the amount of $164,000, we ordered the trial court to conduct a hearing, as follows:

ORDER

On August 21, 2019, this Court granted a writ of injunction enjoining James David Salvagio, individually and in any of his representative capacities, including as the independent executor of the Estate of Beverly Salvagio, Deceased, and as beneficiary and trustee

3

of the James David Salvagio Living Estate Trust, ("Salvagio") from directly or indirectly selling, conveying, or otherwise disposing of the following property located in Jefferson[] County, Texas: Lot Number sixteen (16), in Block Number five (5) of Helena Park, section three (3) addition to the City of Nederland, Jefferson County, Texas, according to the map or plat of record in volume 11, page 4, map records in the office of the County Clerk of said county and state, commonly known as 3119 Nashville, Nederland, Texas 77627.

On November 12, 2020, this Court received notice that Salvagio violated the writ of injunction by conveying the property to Julianne Salvagio and John Salvagio on August 19, 2020, by warranty deed subject to a deed of trust granting a first lien to Quicken Loans, LLC to secure a note in the amount of $164,000. It appears that James David Salvagio has violated this Court's August 21, 2019 writ of injunction and that he is in contempt of an order of the Court of Appeals. An appellate court has limited ability to develop evidence, however, the parties should have the opportunity to develop evidence and testimony and to cross-examine witnesses. A Court of Appeals may refer contempt proceedings to the trial court for hearing and factfinding. *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004).

We refer the notice of injunction violation to the trial court and instruct the trial court to hold an evidentiary hearing and make findings of fact on whether James David Salvagio, individually and in any of his representative capacities, including as the independent executor of the Estate of Beverly Salvagio, Deceased, and as beneficiary and trustee of the James David Salvagio Living Estate Trust, ("Salvagio") directly or indirectly sold, conveyed or otherwise disposed of the following property located in Jefferson[] County, Texas: Lot Number sixteen (16), in Block Number five (5) of Helena Park, section three (3) addition to the City of Nederland, Jefferson County, Texas, according to the map or plat of record in volume 11, page 4, map records in the office of the County Clerk of said county and state, commonly known as 3119 Nashville, Nederland, Texas 77627.

We direct the trial court to issue a notice for a show cause hearing on a date and time certain for James David Salvagio to appear in person and answer the allegations made by MTGLQ Investors[,] L.P.

in its notice of injunction violation and any motion for contempt that may be filed at least ten days before the hearing, to make findings of fact and to make recommendations regarding coercive, curative, or punitive measures to address any violation of our writ of injunction of August 21, 2019. A reporter's record of any hearing conducted by the trial court, together with a clerk's record containing any motions and responses filed by the parties and the findings and recommendations of the trial court, shall be filed with the Court of Appeals by January 22, 2021.

ORDER ENTERED November 23, 2020.

PER CURIAM

Before Kreger, Horton and Johnson, JJ.

On December 10, 2020, Shellpoint and MTGLQ Investors, L.P. filed a motion for contempt and requested a show cause hearing. On January 6, 2021, Salvagio, as Trustee and Beneficiary of the James David Salvagio Living Estate Trust, filed a "NOTICE OF APPEARANCE OF TRUSTEE & BENEFICIARY OF TRUST THAT THIS IS A COURT OF EQUITY AND I REQUIRE THE EXCLUSIVE TO ADJUDICATE THE RIGHTS OF THE TRUST" in which he requested a protective order from a subpoena duces tecum. On January 6, 2021, the trial court held the evidentiary hearing that we ordered on November 23, 2020.

On January 13, 2021, the trial court issued findings of fact, as follows:

FINDINGS OF FACT

On August 21, 2019, the Court of Appeals, Ninth District of Texas at Beaumont issued a writ of injunction enjoining James David Salvagio, individually and as independent executor of the Estate of Beverly Salvagio, Deceased, and as beneficiary and trustee of the James

5

David Salvagio Living Estate Trust from directly or indirectly selling, conveying or otherwise disposing of property at 3119 Nashville, Nederland, Texas 77627.

On November 23, 2020, after MTGLQ[] Investors, LP. notified the court of appeals Mr. Salvagio violated the writ of injunction, the court of appeals issued an order directing this court issue a notice for show cause hearing ordering James David Salvagio to appear in person and answer the allegations made by MTGLQ's notice of injunction violation. The order further directed this court to hold an evidentiary hearing and make findings of fact on whether James David Salvagio, individually and in any of his representative capacities, including as independent executor of the Estate of Beverly Salvagio, Deceased, and as beneficiary and trustee of the James David Salvagio Living Estate Trust, directly or indirectly sold, conveyed or otherwise disposed of property at 3119 Nashville, Nederland, Texas 77627 and to make recommendations regarding coercive, curative, or punitive measures to address any violation of the writ of injunction.

On the 6th day of January 2021, came on for hearing Shellpoint and MTGLQ's motion for contempt. Upon consideration of the motion, evidence, including testimony from James David Salvagio, responses, and the arguments presented, THE COURT FINDS James David Salvagio knowingly violated the writ of injunction by conveying the property as trustee of the James David Salvagio Living Estate Trust on August 14, 2020 to John and Julianne Salvagio. THIS COURT THEREFORE recommends that James David Salvagio be found in contempt of court for violating the writ of injunction.

SIGNED this 13th day of January, 2021.

/S/_____
HONORABLE W. KENT WALSTON

The supplemental clerk's and reporter's records containing the matters addressed by the trial court have been filed with the appellate court. Based on the trial court's findings and recommendation, it appears that James David Salvagio is

6

in willful violation of the writ of injunction issued by the Ninth Court of Appeals on August 21, 2019, in that on August 19, 2020, he conveyed to Julianne Salvagio and John Salvagio the real property known as Lot Number sixteen (16), in Block Number five (5) of Helena Park, section three (3) addition to the City of Nederland, Jefferson County, Texas, according to the map or plat of record in volume 11, page 4, map records in the office of the County Clerk of said county and state, commonly known as 3119 Nashville, Nederland, Texas 77627, by signing, in his capacity as "Trustee of the James David Salvagio Living Estate Trust dated November 11, 2011, and any amendments thereto" a warranty deed with vendor's lien from James David Salvagio Living Estate Trust, as grantor, to Julianne Salvagio and John Salvagio, subject to a deed of trust granting a lien to Quicken Loans, LLC to secure a note in the amount of $164,000.

We allowed the parties to file briefs with this Court regarding whether the evidence adduced at the hearing before the trial court supports the trial court's findings, whether the trial court's findings support a judgment of contempt, and the appropriate punitive or coercive contempt in the event the Court finds a willful violation of the Court's writ of injunction.

## Salvagio's Arguments

Salvagio as an individual person was, he concedes, before this Court in the appeal and in the injunction proceeding when we enjoined Salvagio, a person, from

7

conveying the property in any capacity, specifically including in his capacity as a trustee. Salvagio clearly had notice of our injunction, as he was represented by counsel in the proceeding and admits that after we issued our injunction he personally drafted and filed a response in his capacity as Trustee.

Salvagio argues that he cannot be held in contempt as an individual because "Salvagio, individually, did not transfer the property[.]" He adds that "Salvagio, as the Trustee, does not contest the facts related to the transfer itself. It clearly happened." However, he cites no supporting authority for his argument.

In the hearing before the trial court, which was held on January 6, 2021, Salvagio testified that the net proceeds from the sale were paid into an account in the name of the trust. Salvagio argues he cannot be subject to coercive civil contempt because his testimony established impossibility of performance, as follows:

> Q. [By Counsel for Salvagio]: All right. Now, with respect to the sales proceeds, I think you answered this; but I just want to be clear. I think what your testimony was, if you were say confined to jail until you unwound the transaction paying off the Quicken Loans lien, you don't have the means or the ability to do that?
> A. [By Salvagio] Correct.

This argument assumes that the only way to remedy Salvagio's contemptuous act of conveying the property in violation of this Court's injunction is to return the same funds that were received in the transaction. There is no evidence in the record that it would be impossible to obtain a re-conveyance of the property. Therefore, Salvagio's conclusory assertion that he could not unwind the Quicken Loans

8

transaction if he were confined in jail does not establish that any order of civil contempt this Court might issue would be void.

Salvagio suggests this Court cannot order Salvagio to be confined in jail before an opinion issues in the appeal of the trial court's judgment. We need not address this argument, as we issue our opinion and judgment in the appeal contemporaneously with the issuance of our opinion and judgment of contempt.

**Analysis**

Because Salvagio violated a writ of injunction issued by our court, our court must be the one to hold him in contempt if it is to be done. Courts possess the inherent power to enforce their own orders through contempt proceedings. *In re Gabbai*, 968 S.W.2d 929, 931 (Tex. 1998). While on appeal, the appellate court has exclusive jurisdiction to enforce the orders at issue in the appeal, regardless of whether contempt occurred before or after the appellate court acquired jurisdiction. *Id.* The trial court has no authority to punish a relator for violating requirements only found in an appellate court's order. *See id.* When evidence is required in such a determination, it is appropriate for the appellate court (while retaining jurisdiction) to refer the matter to the district court for hearing the evidence, then the district court may forward the transcript to the appellate court. *See Ex parte Werblud*, 536 S.W.2d 542, 544–45 (Tex. 1976) (orig. proceeding); *see also In re Sheshtawy*, 154 S.W.3d 114, 123-24 (Tex. 2004) (orig. proceeding). The matter here was referred to the trial

9

court for evidentiary findings, the trial court has no power to enforce our orders. *See Gabbai*, 968 S.W.2d at 931. The trial court found that Salvagio knowingly violated this Court's writ of injunction "by conveying the property as trustee of the James David Salvagio Living Estate Trust on August 14, 2020 to John and Julianne Salvagio." The trial court further recommended that Salvagio be found in contempt.

There are two types of contempt, criminal and civil, and the distinction between them hinges on the nature and purpose of the sentence. *Werblud*, 536 S.W.2d at 545; *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 667 (Tex. App.—Fort Worth 2001, pet. denied); *see also Shillitani v. United States*, 384 U.S. 364, 369–70 (1966). "The purpose of civil contempt is remedial and coercive in nature." *Werblud*, 536 S.W.2d at 545. With a judgment of civil contempt, the court exerts its judicial authority to persuade a contemnor to obey a court's order where such obedience benefits an opposing litigant. *Id.* On the other hand, criminal contempt is punitive in nature. *Id.* The punishment is not dependent on future performance, rather the contemnor is punished for "some completed act which affronted the dignity and authority of the court." *Id.* (citations omitted); *see also Cadle Co.*, 50 S.W.3d at 667 (noting in criminal contempt proceedings "no subsequent voluntary compliance can enable the contemnor to avoid punishment."). A hybrid order assessing sanctions for both civil and criminal contempt is allowed. *See Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex. 1986) (orig. proceeding); *Cadle Co.*, 50 S.W.3d at 667—68.

Based upon the findings of fact made by the trial court in the trial court's order dated January 13, 2021, we have determined James David Salvagio willfully violated this Court's writ of injunction and is in contempt. As punishment for this contempt, we assess a $500 fine against Salvagio. *See* Tex. Gov't Code Ann. § 21.002(b) (setting out maximum punishment for criminal contempt as not more than $500 or confinement in the county jail for not more than six months or both).

"Civil contempt is coercive and is based on the notion that the contemnor 'carries the keys of [his] prison in [his] own pocket.'" *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996) (quoting *Werblud*, 536 S.W.2d at 545). *Ex parte Johns* outlined a court's available remedies for coercive contempt. 807 S.W.2d 768 (Tex. App.—Dallas 1991, orig. proceeding). "In these matters, a judge can impose either a fine *or* imprisonment, *or both*, so long as the imprisonment is conditional." *Id.* at 770 (emphasis added); *see also Ex parte Perry*, No. 04-14-00567-CV, 2014 WL 4347740, at *3 (Tex. App.—San Antonio Sept. 3, 2014, orig. proceeding) (mem. op.). A daily coercive fine is not limited by section 21.002(b), which governs criminal contempt fines. *See Cadle Co.*, 50 S.W.3d at 668.

*In re Chaumette* addressed a similar fact scenario and involved the transfer of real estate in violation of a trial court's injunction. 439 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). There, the trial court found that the relator violated the trial court's order by conducting a trustee's sale, then by

executing and recording a substitute trustee's deed. *See id.* The trial court ordered that the relator "shall be confined in the Brazoria County Jail until he purges himself of contempt by executing and recording a document in form acceptable to the Court, vacating the said substitute trustee's deed, effective September 6, 2011[.]" *Id.* The relator tried to purge himself of the contempt by filing a "Rescission of Foreclosure Sale" in the real property records, but the trial court found this unsatisfactory. *See id.* The trial court then tried to have relator sign an "Order and Declaratory Judgment on Amended Motion to Vacate Substitute Trustee's Deed," and execute a "Rescission of Deed" document to reverse the transaction, but the documents were returned to the trial court unsigned. *See id* at 415. The relator said he could not sign them since they contained inaccuracies. *See id.* The relator attempted to execute the documents in a form he was comfortable with, but the trial court apparently found the relator's attempts insufficient. *See id.* The trial court then issued a capias for the relator's arrest based on the prior civil contempt order. *See id.* Ultimately, the First Court of Appeals granted habeas relief, holding "that the purging provision of the contempt order does not 'spell out exactly' in clear and unambiguous language what relator must do to purge the contempt." *Id.* at 416; *see also In re Houston*, 92 S.W.3d 870, 877 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). (order must tell contemnor in "clear, specific, and unambiguous terms" how to purge himself of contempt); *Ex parte Rosser*, 899 S.W.2d 382, 387 (Tex. App.—Houston [14th Dist.]

12

1995, orig. proceeding) (order not clearly specifying action relator must take is void). An order of contempt must describe in specific terms the exact documents the contemnor needs to obtain to purge himself of contempt. *See Chaumette*, 439 S.W.3d at 416.

In addition to a punitive fine in the amount of $500.00, as a condition of his release or to purge himself from the contempt, we order James David Salvagio to obtain an executed general warranty deed from John Salvagio and Julianne Salvagio, as grantors, to James David Salvagio "as trustee of the James David Salvagio Living Estate Trust," conveying the real property described as Lot Number sixteen (16), in Block Number five (5) of Helena Park, section three (3) addition to the City of Nederland, Jefferson County, Texas, according to the map or plat of record in volume 11, page 4, map records in the office of the County Clerk of said county and state, commonly known as 3119 Nashville, Nederland, Texas 77627. James David Salvagio is further ordered to file the properly executed general warranty deed with the Jefferson County Clerk's Office, 1085 Pearl Street, First Floor, Beaumont, Texas 77701, for recording in the real property records of Jefferson County, Texas, instanter. James David Salvagio shall file notice with this Court concurrently with the filing of the documents with the County Clerk's office. We further order James David Salvagio shall be fined the amount of $500 per day for each and every day

until such properly executed document is filed in the real property records of Jefferson County, Texas, beginning on the first day after the issuance of this order.

## Conclusion

Having determined James David Salvagio willfully violated this court's writ of injunction after providing notice and an opportunity to show cause in the trial court, we hold James David Salvagio in contempt. We assess a $500 punitive fine for his willful violation of this Court's writ of injunction. Additionally, James David Salvagio is ordered to obtain a properly executed general warranty deed as described in our judgment of contempt and is assessed a coercive fine of $500 per day until such time as the properly executed general warranty deed is filed with the Jefferson County Clerk's office.

PER CURIAM

Opinion Delivered April 8, 2021

Before Kreger, Horton, and Johnson, JJ.