**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed February 14, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00937-CV

---

### IN RE CHOUAIB ABERKANE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-30820**

---

## MEMORANDUM OPINION

On December 29, 2022, relator Chouaib Aberkane filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to vacate as void the December

12, 2022 order revoking suspension and for commitment to county jail.  We grant the petition.[1]

## BACKGROUND

On July 28, 2022, the trial court signed an agreed protective order, prohibiting relator from communicating with Laura Depree in a threatening or harassing manner. The parties also agreed to use the Talking Parents App to communicate about matters pertaining to the children.

On August 12, 2022, Depree filed a motion for enforcement of the protective order and order to appear, alleging that relator had violated the protective order by continuing to communicate with Depree in a threatening and harassing manner and engaging in conduct that is likely to harass, annoy, alarm, abuse, torment, or embarrass Depree.  Depree asked that relator be held in contempt, fined up to $500, and jailed for up to six months.

The trial court held a hearing on September 30, 2022, and signed an order holding relator in contempt on October 17, 2022.  The trial court found that relator failed to use the Talking Parents App to discuss issues concerning the children's health, education, and welfare, but, instead, used it to harass Depree by communicating with Depree in a threatening and harassing manner in multiple messages.  Therefore, the trial court found relator in contempt and assessed punishment at six months confinement in Harris County Jail.  The trial court ordered the sentence suspended for six months on the conditions that relator (1) not

---

[1] We issued an order setting bond and requesting a response to the petition.  Real party in interest Laura Depree did not file a response.

communicate directly with any protected person in a threatening or harassing manner; (2) not communicate a threat through any person to a protective person; and (3) pay $5,000 in Depree's attorney's fees. The order further noted that the parties acknowledged that Depree's attorney had received the $5,000 payment from relator and attorney's fee was no longer an obligation with regard to that matter.

On November 11, 2022, Depree filed a motion to revoke suspension of commitment and order to appear, alleging that relator had violated the October 17, 2022 order by continuing to communicate with her in a threatening and harassing manner and engaging in conduct directed toward her that is likely to harass, annoy, alarm, abuse, torment, or embarrass her in multiple message on several specified dates in October 2022. Depree also requested attorney's fees in connection with the motion to revoke.

The trial court held an evidentiary hearing on December 12, 2022. The trial court advised relator of his right to remain silent, which relator invoked. Depree provided the only testimony on the allegations that relator had violated the terms of the suspension of commitment. At the conclusion of the hearing, the trial court orally found relator in contempt for violating the terms of the suspension of commitment by communicating with Depree in a harassing manner and revoked the suspension of commitment. The trial court further sentenced relator to "six months" in the Harris County Jail, stating "The date that I put in the order, I calculated it for 180 days, will be beginning today December the 12th, 2022, and ending June the 15th, 2023." However, in the written order, the trial court crossed out "180" and inserted "Beginning December 12, 2022 and ending June 15, 2023[,]" which is 185 days and more than six months.

3

Relator asserts that he is entitled to habeas corpus relief because the order revoking the suspension of commitment is void.

## STANDARD OF REVIEW

The power to punish a party who fails or refuses to obey a prior court order or decree is an inherent power of a court and is an essential element of judicial independence and authority. *Ex parte Bennett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding). An original habeas corpus proceeding is a collateral attack on a contempt order. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the contemnor, but only to determine whether he has been unlawfully restrained. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). To order a contemnor released, the trial court's order directing the contemnor to be confined must be void because it was beyond the power of the court or because relator was deprived of liberty without due process of law. *Bennett*, 600 S.W.2d at 254; *see also In re Office of Att'y Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding) (stating that contempt order is void if it is beyond power of court or violates due process). The contemnor bears the burden of showing that he is entitled to relief. *In re Chaumette*, 439 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

4

**Right to Jury Trial**

Relator argues that the commitment order is void because the trial court sentenced him to confinement for more than 180 days without admonishing him of his right to a jury trial and without a waiver of a jury trial.

An absolute right to trial by jury in contempt proceedings does not exist. *Ex parte Casillas*, 25 S.W.3d 296, 299 (Tex. App.—San Antonio 2000, orig. proceeding). Punishment assessed for criminal contempt beyond 180 days is considered "serious" and may not be assessed unless there was a jury trial or a jury waiver. *In re Newby*, 370 S.W.3d 463, 466 (Tex. App.—Fort Worth 2012, orig. proceeding); *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex. App.—Dallas 1991, orig. proceeding). When the right to a jury trial exists, the record must show that the court informed the contemnor of that right and that the contemnor affirmatively waived that right. *Newby*, 377 S.W.3d at 466; *Casillas*, 25 S.W.3d at 299.

Section 21.002(b) of the Texas Government Code provides that punishment for a single act of contempt of court is a fine of not more than $500 or confinement in the county jail for not more than six months or both. Tex. Gov't Code § 21.002(b). Punishment within these limits is characterized as petty. *Newby*, 377 S.W.3d at 466; *Casillas*, 25 S.W.3d at 299; *Johns*, 807 S.W.2d at 771

The order revoking suspension of commitment sentenced relator to more than 180 days confinement in the Harris County Jail. Relator's punishment is considered "serious" and no punishment exceeding 180 days could have been assessed without a jury trial or without relator's waiver of a jury trial. *See Newby*, 370 S.W.3d at 466;

5

*Johns*, 807 S.W.2d at 771. A review of the reporter's record shows that the trial court did not advise relator of his right to a jury trial or that relator affirmatively waived that right. We will not presume that relator waived his right to a jury trial from a silent record. *Ex parte Sproull*, 815 S.W.2d 250, 250 (Tex. 1991) (orig. proceeding) (per curiam) ("We will not presume from a silent record that that a contemnor has waived his right to a jury trial."); *Ex parte Griffin*, 682 S.W.2d 261, 262 (Tex. 1984) (orig. proceeding) (explaining, that in contempt hearing for a serious offense, waiver of right to jury trial cannot be presumed from silent record). Because relator was not given a jury trial and did not waive such right, we conclude that the trial court's order imposing a 185-day sentence violates relator's right to trial by jury and is void. *See In re Levingston*, S.W.2d 996 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (holding criminal contempt portion of trial court's order was void because it violated relator's right to jury trial where trial court failed to advise relator of right to jury trial and relator did not affirmatively waive that right).

**Purging of Contempt**

Relator further argues that the trial court did not have the authority to order him to pay an additional amount of attorney's fees to purge his contempt. The order revoking suspension of commitment sentenced relator to confinement for an indeterminate period of time with his release conditioned upon paying $5,000 in fees to Depree's attorney for worked performed in connection with the motion to revoke the suspension of commitment. Relator was not held in contempt for failing to pay those attorney's fees. Therefore, the remainder of the order, which awards Dupree her attorney's fees for work on the motion to revoke suspension of commitment and

6

compels relator to pay those fees to purge the contempt, is void because relator was not held in contempt for failing to pay those fees. *See O'Keeffe*, No. 05-18-00371-CV, 2018 WL 2296495, at *3 (Tex. App.—Dallas May 21, 2018, orig. proceeding) (mem. op.) (holding that order requiring payment of attorney's fees to purge contempt was void because relator was not held in contempt for failing to pay those fees and costs); *In re Patillo*, 32 S.W.3d 907, 910 (Tex. App.—Corpus Christi 2000, orig. proceeding) (holding that party may not be confined for amounts he was not held in contempt for failing to pay.)

## CONCLUSION

Accordingly, we grant relator's petition for writ of habeas corpus, order relator released from bond set by this court on July 22, 2106, and order relator discharged from custody.[2] Relator's motion to abate and motion to stay are denied as moot.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[2] Relator also urges that the order revoking suspension and is void because the trial court cannot order that relator is not eligible for good time credit. In light of our disposition of relator's other issues. We need not address this issue in order to resolve this habeas corpus proceeding.